IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GARY A. LAVITE, #12439, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-00953-JPG |
| CHRISTOPHER EALES, JOHN LAKIN, NURSE SMITH, and C/O REICHART, | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint (Doc. 7) filed by Plaintiff Gary Lavite, a detainee at Madison County Jail ("Jail"). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from his (1) inadequate medical care for cardiopulmonary conditions; (2) placement in a cellblock with an inmate who assaulted him two years earlier; and (3) exposure to asbestos. (Doc. 7, p. 6). Plaintiff seeks monetary and injunctive relief. (*Id*. at p. 7). In addition, he requests a preliminary injunction. (Doc. 9).

The Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 7): During intake at the Jail in August 2019, Plaintiff informed Nurse Smith that he suffered a heart attack one month earlier while free. (*Id.* at pp. 2, 6). Smith responded that it "was not their problem," and they would obtain his medical records. (*Id.* at p. 6). The "Jail" also provided him with his inhaler once every twelve hours, instead of once every three hours. (*Id.*).

On August 12, 2019, Officer Reichart moved Plaintiff to a dormitory where Thomas Gray was housed. (*Id.* at p. 6). At the time, Gray was subject to a "protective order" that prohibited him from coming within 500 feet of Plaintiff following his aggravated assault on Plaintiff two years earlier. (*Id.*). Gray threatened Plaintiff and caused him to suffer panic attacks and an upset stomach. (*Id.*). When Plaintiff reported this to Reichart, the officer told him that "jail is a bitch sometimes." (*Id.*). Gray was moved away from Plaintiff on August 17, 2019. (*Id.*).

Plaintiff also complains of ongoing asbestos removal without containment at the Jail. (*Id.*). When he filed grievances about this issue, Captain Eales denied the presence of asbestos. (*Id.*). Eales also "blocked . . . disclosure of defendants['] names . . . [and denied Plaintiff] adequate tools needed to [correspond] with this honorable Court." (*Id.*).

Based on these allegations, the Court finds it convenient to reorganize the *pro se* Amended Complaint into the following enumerated Counts:

**Count 1:** Fourteenth Amendment claim against Officer Reichart for failing to protect Plaintiff from Inmate Gray when Plaintiff informed the officer that they were housed in the same cellblock.

**Count 2:** Fourteenth Amendment claim against Nurse Smith for denying Plaintiff adequate medical care for his cardiopulmonary conditions.

**Count 3:** Fourteenth Amendment claim against Captain Eales for subjecting Plaintiff to unconstitutional conditions of confinement that included asbestos.

**Count 4:** First Amendment claim against Eales for denial of access to courts.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

### Count 1

Plaintiff appears to be a pretrial detainee and is therefore entitled to the more robust protections of the Fourteenth Amendment rather than the Eighth Amendment's prohibition on cruel and unusual punishment. The Seventh Circuit recently expanded the lower standard applied to pretrial detainee excessive force and medical claims to encompass claims for inadequate conditions of confinement, finding "no doctrinal reason to distinguish among different types of conditions-of-confinement claims[.]" *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). The Court reads this as making the objectively unreasonable standard applicable to Plaintiff's claim against Reichart for failing to protect him from Inmate Gray. As such, Plaintiff has adequately stated a claim against Reichart.

### Count 2

Plaintiff has failed to state a claim against Nurse Smith for the denial of adequate medical care. Plaintiff allegedly informed Smith that he suffered a heart attack while out of custody, but he reported no unaddressed medical concerns and requested no follow-up treatment from the nurse. Smith's apparent lack of concern about Plaintiff's recent heart attack does not state a constitutional claim. To the extent Plaintiff has pled that "the Jail" is not bringing him his inhaler on a sufficiently

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

frequent basis, he fails to name any defendant responsible for such an issue. Liability requires personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted). Similarly, he states that he is now having chest pains from his heart attack but does not indicate who, if anyone, he told at the Jail. In the absence of a named defendant, this claim fails. Count 2 shall be dismissed without prejudice for failure to state a claim for relief against Smith.

## Count 3

The asbestos claim survives screening against Captain Eales. Based on the normal Eighth Amendment standard for conditions-of-confinement claims and application of the Seventh Circuit's holding in *Hardeman,* Plaintiff must plead (1) there is a deprivation that is, from an objective standpoint, sufficiently serious to deprive the plaintiff of 'the minimal civilized measure of life's necessities, and (2) the defendant's failure to respond or remedy the situation was objectively unreasonable. *Hardeman*, *supra; Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Plaintiff states that Eales responded to his grievance regarding asbestos and breathing problems by denying the presence of asbestos at the Jail. The Court must, at this point, draw all inferences in Plaintiff's favor and therefore assume the presence of asbestos. As such, Eales' denial and failure to act could qualify as objectively unreasonable. Count 3 survives screening against Eales.

## Count 4

An inmate has no constitutional claim for interference with access to the courts unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Plaintiff's bald assertion that he was denied access to the names of some defendants and some "tools" necessary to correspond with the Court is too vague to state a

claim for denial of court access against Eales or anyone else at this stage. Count 4 shall be dismissed without prejudice for failure to state a claim.

## Severance

Counts 1 and 3 survive screening, but they cannot proceed together in the same suit. The claims involve different defendants, separate transactions or occurrences, no common questions of fact, and distinct legal theories. They are improperly joined herein. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and sever Count 3 against Eales into a separate suit. Plaintiff will be responsible for paying the additional filing fee for the newly-severed case, unless he timely advises the Court that he does not wish to proceed with the action. This case will focus only on Count 1 against Reichart.

## Motions for Preliminary Injunction

Plaintiff's Second and Third Motions for Preliminary Injunction (Docs. 9 and 12) are **DENIED without prejudice.** To obtain a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007)). In his Motions, Plaintiff merely itemizes

the relief he seeks, including access to his "specialist" (in connection with his past heart attack), access to his "neurologist" (in connection with his past skull fracture), transfer to another facility (to avoid asbestos), and restrictions on his contact with Inmate Gray (in connection with his past assault). (Docs. 9 and 12). Plaintiff sets forth no factual allegations that support his requests for interim relief, and most requests pertain to claims that do not survive screening. Further, he describes no irreparable harm he faces if relief is denied. He makes no claim that there is no adequate remedy at law. Because the Court cannot glean this information from the Amended Complaint, it cannot analyze these factors or conclude that this drastic form of relief is warranted.

### Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 7), including **COUNT 1** against Defendant **REICHART** and **COUNT 3** against Defendant **EALES**, survives preliminary review under 28 U.S.C. § 1915A. However, **COUNTS 2** and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. All claims against Defendants **LAKIN** and **SMITH** are **DISMISSED** without prejudice for failure to state a claim herein.

Because Counts 1 and 3 are improperly joined in a single action, **COUNT 3** against Defendant Eales is hereby **SEVERED** into the following new case, which the Clerk is **DIRECTED** to **OPEN** as follows: **GARY A. LAVITE, Plaintiff v. CHRISTOPHER EALES, Defendant.**

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Amended Complaint (Doc. 7);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that the **only claim remaining in this action** is Count 1 against Defendant **C/O REICHART**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **GARY A. LAVITE, Plaintiff vs. C/O REICHART, Defendant.**

The Clerk of Court is **DIRECTED** to **TERMINATE** all Defendants, other than Defendant **C/O REICHART**, as parties to *this action* in CM/ECF.

The Clerk of Court shall prepare for Defendant **C/O REICHART**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, defendant needs to only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 12/11/2019**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**